UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT HEIZELMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPT., et al.,<br><br>                              Defendants. | Case No.:  22-CV-1674-CAB-DDL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>[Doc. Nos. 1, 2, 3] |
|---|---|

On October 27, 2022, Plaintiff Robert Heizelman filed a Complaint [Doc. No. 1] against the San Diego Police Department, the San Diego Sheriff's Office, and unidentified officers demanding $10,000,000 and punitive damages for alleged civil rights violations. Plaintiff also filed a Motion to Appoint Counsel [Doc. No. 3]. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]  For the reasons mentioned below, the IFP is **GRANTED**, the Complaint is **DISMISSED** without prejudice, and the Motion to Appoint Counsel is **DENIED** as moot.

I.     **Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee.  *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without payment of fees

if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, Plaintiff represents that he is homeless and his sole monthly income from social security disability benefits is $1,100 per month. He also indicates that he has no checking or savings account, and the only assets he owns are two cars worth $2,000 each. Plaintiff's application sufficiently shows that he lacks the financial resources to pay filing fees. Accordingly, Plaintiffs' Motion to Proceed IFP is **GRANTED**.

## II.     Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

Upon granting a request to proceed IFP, the Court must additionally analyze the sufficiency of the complaint under 28 U.S.C § 1915. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal— even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Here, Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint appears to object to various attempts by the Defendants to remove Plaintiff from the areas in which he was living in his tent and car, but it is unclear what laws or rights Plaintiff claims were violated or infringed, or why Plaintiff is entitled to relief from the Court. It is also unclear which Defendants caused specific harms to Plaintiff. Accordingly, the Complaint must be dismissed. *Anderson v. Sy*, 486 F. App'x 644 (9th Cir. 2012) ("The district court properly dismissed [the lawsuit] as frivolous because the complaint contains indecipherable facts and unsupported legal assertions."); *Adams v. FBI San Francisco Field Office Supervisor & Agents*, No. 19-CV-02977-YGR (PR), 2019 WL 5626261, at *1 (N.D. Cal. Oct. 31, 2019) ("A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law."). For these reasons, the Complaint is **DISMISSED** without prejudice.

### III. Conclusion

In light of the foregoing, it is hereby **ORDERED** that the application to proceed in forma pauperis is **GRANTED** [Doc. No. 2], and the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 1]. In light of this dismissal, the Motion to Appoint Counsel is **DENIED** as moot [Doc. No. 3].

Plaintiff shall have until **December 9, 2022** to file an amended complaint under this case number resolving the issues discussed above. If Plaintiff does not file an amended complaint by **December 9, 2022**, the Clerk of the Court shall dismiss the case without prejudice and terminate the action.

It is **SO ORDERED**.

Dated: November 1, 2022

Hon. Cathy Ann Bencivengo
United States District Judge